# PRESLEY WALKER

## *v.*

## EMMA WALKER *et al.*

1. DELIVERY *of a deed — need not be formal.* Where the grantor in a deed induces the grantee to believe that a deed had been executed which made him the owner of certain premises, and afterward permits such grantee to act under this belief in the construction of valuable improvements on the land, he cannot then be allowed to say that the deed was in fact inoperative for want of a formal delivery.

2. No formal delivery to the grantee in person is necessary. If the grantor in a deed intends, when executing it, to be understood as delivering it, that is sufficient. The intention of the party is the controlling element.

3. Hence, where a father voluntarily made a deed to his son and did not deliver it, but their subsequent conduct was such as to show that both of them considered the deed as having been effectually executed for the purpose of passing title, no delivery was necessary. Less strictness is required in cases of voluntary settlements than in other conveyances, because the parties are supposed to place great confidence in each other.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery filed at the April Term, 1864, of the Circuit Court of Washington county, against Presley Walker and Hannah, his wife, to compel the execution of a deed. The bill alleges, that, in February, 1859, Alonzo Walker, the son of Presley and Hannah, with the consent of his father and mother, took possession of the land in controversy; that, in October, 1860, Presley Walker and his wife executed a warranty deed of the land to their son Alonzo; that this deed was never delivered, but was kept by Hannah Walker; that Alonzo remained in possession on the faith of that deed, and made lasting and valuable improvements, consisting of buildings, etc., worth at least $2,500; that he was in possession at the time of his death in August, 1863; that after his death the deed was destroyed by Hannah Walker, with intent to defraud his widow and heirs, who thereupon file this bill asking the

court to compel a conveyance to them.    The defendants answered separately, admitting many of the allegations of the bill, but maintaining that the deed was executed for the purpose of being delivered to Alonzo, when he should agree to live on the land and make it his permanent home, and that, as he never did so agree, the deed was destroyed.    Upon the evidence adduced, the court below dismissed the bill as to Hannah Walker, and rendered a decree requiring Presley Walker to execute a conveyance in fee simple to the heirs of Alonzo, subject to the dower right of his widow.    To reverse that decree this appeal is prosecuted.    The evidence sufficiently appears in the opinion of the court.

Messrs. WILLIAM H. UNDERWOOD, H. K. S. O'MELVENY and P. E. HOSMER, for the appellant.

1. Some kind of actual delivery is indispensable.    *Hulick* v. *Scovill,* 4 Gilm. 176; 2 Washburn on Real Property, 581, note 1.

2. To make a delivery valid the deed must some time be in the power of the grantee or his agent. 2 Greenl. Cruise, 334, note 2; *Wiggins* v. *Lusk,* 12 Ill. 136.

Messrs. THOMAS J. LE COMPTE and AMOS WATTS, for the appellee.

1. So far as Presley Walker was concerned, the delivery was complete. *Bryan* v. *Wash,* 2 Gilm. 568.

2. A voluntary settlement fairly made is always binding in equity upon the grantor, and the presumptions of law are all in its favor. *Sowerbye* v. *Arden,* 1 Johns. Ch. 256; *Clavering* v. *Clavering,* 2 Vern. 473; *Broughton* v. *Broughton,* 1 Atkins, 625; *Johnson* v. *Smith,* 1 Ves. 314; *Bunn* v. *Winthrop,* 1 Johns. Ch. 336.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery brought by the widow and children of Alonzo Walker, deceased, against Presley Walker

and Hannah, his wife, the father and mother of said Alonzo, to compel a conveyance of a tract of land. The bill alleges, that Presley Walker and his wife, on the 15th of October, 1860, made a deed for the premises, being one hundred and sixty acres of land, to Alonzo, by way of gift or advancement, and that Alonzo, being already in possession, remained in possession until his death, in 1863, having made valuable improvements after the execution of the deed. The bill further alleges that Presley Walker retained the deed in his possession until the death of his son, having informed his son, however, at the time of the execution of the deed, that it was executed and was held by him subject to his son's order. Presley Walker and wife answered, their oath having been waived, and admit the execution of the deed, and its voluntary destruction by Mrs. Walker, after the death of her son. They insist, however, that there was no intention of delivering the deed at the time of its execution, but that Mrs. Walker objected to the delivery, until her son would promise to remain upon the land, and that the deed was thereupon left with her to be delivered when she thought proper. A replication was filed, proof was taken, and on the hearing the court decreed a conveyance from Presley Walker, and dismissed the bill as to his wife. Presley Walker brings up the record.

It appears by the evidence of the magistrate who drew and took the acknowledgment of the deed, that, after this was done, Mrs. Walker made some objection, whereupon her husband handed the deed to her and told her to take care of it until she should be satisfied that Alonzo would stay on the place and not sell it. Alonzo was not present. After Presley Walker and the magistrate left Presley's house, where the deed had been executed, they met Alonzo on the road, and his father said to him, "pay the squire for making your deed. It is up at the house ready for you." It further appears in proof, that, after this, Alonzo built a brick house upon the land, and made other improvements. His father assisted him, but the carpenter who built the house swears that he was employed by Alonzo, and his bill of $404 was

paid by Alonzo, except $25 which Presley said he owed Alonzo and would pay to the carpenter. It is clear, that, from the time the deed was made until the death of Alonzo, the land was recognized by all parties interested as the land of Alonzo.

Whether the statement of Presley to his son, on the day the deed was made, that it was at his house ready for him, would of itself be considered as equivalent to a delivery, it is not necessary to decide, though, as was said by this court in *Bryan* v. *Wash*, 2 Gilm. 565, a delivery " may be by acts without words, or by words without acts, or by both." The case does not depend upon these words alone, but upon them taken in connection with, and construed by, the subsequent acts of the parties. And, tried by this test, we can entertain no doubt that the son understood these words of his father as meaning, a deed had been executed with all the formalities requisite to vest the title, and making him the owner of the land, and that, under the belief in such ownership, he built his house, and occupied it till his last sickness, when he was taken to his father's house to die. His father permitted him to entertain this belief, and to act under it, expending time, labor and money, and probably entertained the same belief himself. There is no evidence whatever, that it was ever brought to the knowledge of Alonzo, that his mother had interposed any objections, or that she desired to require a promise from him, that he would remain on the place, before she would consent to the delivery. All these circumstances form a strong case of equitable estoppel. Having induced Alonzo to believe that a deed had been executed which made him ,the owner, and having permitted him to act under this belief in the manner above stated, he cannot now be allowed to say, that the deed was in fact inoperative for want of a formal delivery. No formal delivery to the grantee in person was necessary. If the grantor in a deed intends, when executing it, to be understood as delivering it, that is sufficient. The intention of the party is the controlling element as said in *Masterson* v. *Cheek*, 23 Ill. 76, and in this case there can be no doubt, that both the father

and the son, judged in the light of their subsequent conduct, considered the deed as having been effectually executed for the purpose of passing the title. Less strictness is required in cases of voluntary settlements, and for a reason well illustrated in this case, to wit, because the parties are supposed to place great confidence in each other. *Bryan* v. *Wash,* 2 Gilm. 568, and cases there cited. In this case, the son, no doubt, had all confidence in his father, and considered the deed as safe in his house as if in his own. If he had been advised of his mother's misgivings, he would probably have given the required promise to remain on the land (as he really did remain there), and have received the deed.

The decree must be affirmed.

*Decree affirmed.*