WILLIAM CLINE *et al.*

*v.*

MATILDA A. JONES *et al.*

*Filed at Springfield May 19, 1884.*

1. DELIVERY OF DEED—*necessity of delivery, generally—and of the distinction between a deed and a will.* A testamentary disposition of property is ambulatory until the death of the testator, when it takes effect; but a deed for an interest in land must take effect upon its execution, or not at all. A party can not make a deed for land and retain its custody, and have it operate as a conveyance only after his death. It takes effect at once or not at all.

2. SAME—*in case of a voluntary settlement.* A conveyance of land or a deed may be good as a voluntary settlement, however, though it be retained by the grantor in his possession until his death, when the circumstances, aside from the retention of the deed, do not show the grantor did not intend it to operate immediately.

3. The law makes stronger presumptions in favor of the delivery of deeds in case of voluntary settlements of a parent upon a child, than in ordinary cases of bargain and sale.

4. SAME—*in the particular case.* A father having previously made gifts of property to all of his children except a daughter, went before a justice of the peace and executed a deed of conveyance of a tract of land to her, and acknowledged the same, stating that it would make all his children equal; but he retained the deed in his possession, with no present intention it should take immediate effect, but to be operative only at his death, or on the daughter moving upon and occupying the property, which she never did. It was *held,* after his death, that the deed never took effect, and that the land therein described passed to his heirs, generally.

5. ADVANCEMENT—*of evidence in respect thereto.* The owner of a tract of land made and delivered a deed for the same to his daughter, and thereupon she gave to him a receipt, expressing that she had received from him the sum of $1000 in land. After the death of the grantor, on an application for partition of the lands of his estate, the other heirs contended that the grant mentioned was an advancement to the daughter, while the latter insisted it was not. The evidence showed the intestate had made various gifts of land and money to his children during his lifetime, and had endeavored to treat them equally in this respect. There was evidence of his repeated declarations that he had given all his children equal amounts of property, and that he had made them equal. The evidence on this branch of the case, which wâs objected to by those of the heirs who claimed the gift was an advancement, was regarded as properly received.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. N. M. BROADWELL, and Messrs. GROSS & ZANE, for the appellants:

It is essential to a gift *inter vivos*, that the subject matter of the gift should be delivered; or if this is not done, as in case of land, the deed must be delivered. *Hoig* v. *Adrian College*, 83 Ill. 267; 3 Wait's Actions and Defences, 499.

When there is no consideration, a court can not complete what it finds imperfect. *Badgley* v. *Votrain*, 68 Ill. 25; *Wadhams·* v. *Gay*, 73 id. 415; *Otis* v. *Beckwith*, 49 id. 121; Fry on Specific Per. 70, 71.

While a grantor retains his deed, and the possession and control of the land, he may change his purpose at any time before the deed is delivered. *Gorman* v. *Gorman*, 98 Ill. 361.

The rule of a presumption of delivery when a parent makes a voluntary settlement in favor of an infant child, as in *Reed* v. *Douthit*, 62 Ill. 348, and *Bryan* v. *Wash*, 2 Gilm. 557, has no application when the parties are of full age. *Masterson* v. *Cheek*, 23 Ill. 72.

The deceased must, at the time of the supposed gift, part with all dominion over it. *Hawkins* v. *Blewitt*, 2 Esp. 663.

The delivery must be absolute and unconditional to the donee, or to another for him, and the possession must continue till the death of the donor. If retained by the donor, he may revoke. *Bunn* v. *Markham*, 2 Marsh. 532; 7 Taunt. 224; Hott, 352.

Not by gift *inter vivos*, because in such case the gift is void for want of delivery. *People* v. *Johnson*, 14 Ill. 342; *Carpenter* v. *Davis*, 71 id. 395; *Noble* v. *Smith*, · 2 Johns. 52; *Pearson* v. *Pearson*, 7 id. 25; *Basket* v. *Hassell*, 107 U. S. 602.

It is clear that Mrs. Jones· could become invested with the title to these premises in but one of two ways,—by deed, or

by will. It could not be by parol direction. *Willemin* v. *Dunn*, 93 Ill. 517.

The declarations of the grantor, in the various forms shown by the witnesses, that he intended Mrs. Jones should have this land on his death, are clearly testamentary in their nature; and as his object was to make disposition of his property after death, they could not, after his death, take effect as a testamentary devise, for want of compliance with the Statute of Wills. *Olney* v. *Howe*, 89 Ill. 556; *Basket* v. *Hassell*, 107 U. S. 602.

The conveyance to Mrs. Sayles, and her receipt, show, *prima facie*, an advancement to her. *Grattan* v. *Grattan*, 18 Ill. 167.

Messrs. McGUIRE & SALZENSTEIN, for the appellee Matilda Jones:

A deed will take effect and be valid without actual delivery when it is founded on a meritorious consideration, and it is the unrevoked intention of the grantor that it should so take effect. *Barlow* v. *Heneage*, Proc. in Ch. 211; *Clavering* v. *Clavering*, 2 Vern. 473; *Broughton* v. *Broughton*, 1 Atk. 625; *Johnson* v. *Smith*, 1 Ves. 314; *Souverbye* v. *Arden*, 1 Johns. Ch. 240; *Bunn* v. *Winthrop*, id. 329; *Schrugham* v. *Wood*, 15 Wend. 545; Perry on Trusts, sec. 103.

The law makes stronger presumptions in favor of voluntary settlements than in ordinary cases of bargain and sale. *Bryan* v. *Wash*, 2 Gilm. 557; *Masterson* v. *Cheek*, 23 Ill. 72.

A court of equity will enforce a defective conveyance founded upon a meritorious consideration, and carry out the unrevoked intention of the grantor as a declaration of trust. *Kekewich* v. *Manning*, 1 DeG. M. & G. 188; *Ex parte Pye*, 18 Ves. 140; *Richardson* v. *Richardson*, 3 L. R, Eq. 686; *Morgan* v. *Malleson*, 10 id. 475; *Shepherd* v. *Shepherd*, 7 Johns. Ch. 57; *Jones* v. *Obenchain*, 10 Gratt. 259; *Garner* v. *Garner*, 1 Busb. Eq. (N. C.) 1; *Haines* v. *Haines*, 6 Md. 435; *Hunt* v. *John-*

*son,* 44 N. Y. 27; *Caldwell* v. *Williams,* 1 Bailey's Eq. 175; *Marling* v. *Marling,* 9 W. Va. 79; *McIntyre* v. *Hughes,* 4 Bibb, 186; *Dale* v. *Lincoln,* 62 Ill. 22; *Majors* v. *Everton,* 89 id. 56; Perry on Trusts, secs. 95, 96, 97; Adams' Equity, 97.

Here, in this case, a deed is made to a child unprovided for, while the uncontradicted evidence shows that provision had been made for the other children. That this amounts to what is called a meritorious consideration, sufficient to enforce a defective conveyance, see Adams' Equity, 98; *Newton & Seeley* v. *Bealer,* 41 Iowa, 334; *Stow* v. *Millar,* 16 id. 460; *Minturn* v. *Seymour,* 4 Johns. 497; *Hayes* v. *Kershaw,* 1 Sandf. 258.

Messrs. PATTON & HAMILTON, for the appellee Mrs. Sayles.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill filed by William Cline and others, against Matilda Jones and others, for partition of certain lands described in the bill, derived from a common ancestor, John Cline. Matilda Jones filed her answer denying that complainants were entitled to partition of a certain three-acre tract of the lands, claiming sole ownership thereof in herself, by virtue of a deed of conveyance of the same made to her by John Cline on the 19th day of February, 1879. Replication was filed, proofs taken, and the court found the defendant Matilda Jones acquired title to said tract by virtue of such deed, and the complainants appealed.

The proofs show that John Cline, the ancestor of all the parties to this suit, died intestate February 7, 1882, at an advanced age. He had, at various periods in his life, given to all of his children except Mrs. Jones (some eight or nine in number) money and property to a considerable amount. To none had he given less than $1000; to some as much as $6000 to $8000. To Mrs. Jones alone, up to the time of

the alleged making of the deed in question, he had never given anything. On February 1S, 1879, John Cline went alone before a justice of the peace, and had drawn up, and he signed and acknowledged, a warranty deed of this three-acre tract to Mrs. Jones, the deed reciting it was made in consideration of filial love and affection, and one dollar, and the property it conveyed being worth about $700 or $800. At the time, the grantor told the justice that he had given all of his other children land, but none to Mrs. Jones, and he felt he ought to give her this land. The grantor took the deed away, and ever after retained it in his possession till his death, it being found after that time among his papers. He also kept possession of the land, received the rents from it, and paid the taxes on it until his death. After he had thus signed and acknowledged the deed, he told different persons that he had made it,—that he had made all his children equal,—that the land would be Mrs. Jones' at his death; and to Mrs. Jones and her husband he said, several times, he had fixed it so that the land would be hers at his death, but that if she would move on it and live there it should then be hers. This she never did. She expressed her gratification to her father for what he had done. The question which is made upon the deed is as to its delivery.

In *Bryan* v. *Wash,* 2 Gilm. 557, it was said a delivery is essential to the validity of every deed, and that "anything which clearly manifests the intention of the grantor and the person to whom it is delivered, that the deed shall presently become operative and effectual, that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate, constitutes a sufficient delivery. The very essence of the delivery is the intention of the party."

There is no doubt that the law makes stronger presumptions in favor of the delivery of deeds in case of voluntary settlements than in ordinary cases of bargain and sale, as has been frequently recognized by this court. (*Bryan* v. *Wash,*

*supra; Reed* v. *Douthit,* 62 Ill. 348; *Walker* v. *Walker,* 42 id. 311.) And we think the authorities establish that an instrument may be good as a voluntary settlement though it be retained by the grantor in his possession until his death. (*Souverbye* v. *Arden,* 1 Johns. Ch. 240; *Bunn* v. *Winthrop,* id. 329; *Schrugham* v. *Wood,* 15 Wend. 545; Perry on Trusts, sec. 103, and our own cases above cited, and *Otis* v. *Beckwith,* 49 Ill. 121.) Yet the cases in this respect are generally attended with the qualification that there be no circumstances, besides the mere fact of retaining the instrument, to show that the executing party did not intend it to operate immediately, or to denote an intention contrary to that appearing upon the face of the deed. Thus, in *Souverbye* v. *Arden,* Chancellor KENT says: "A voluntary settlement, fairly made, is always binding in equity upon the grantor, unless there be clear and decisive proof that he never parted nor intended to part with the possession of the deed; and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances, besides the mere fact of his retaining it, *to show that it was not intended to be absolute.*" And in *Bunn* v. *Winthrop:* "The instrument is good as a voluntary settlement, though retained by the grantor in his possession until his death. There was no act of his, either at the time or subsequent to the execution of the deed, which *denoted an intention contrary to that appearing upon the face of the deed.*" And in *Schrugham* v. *Wood,* there is this quotation from *Garnors* v. *Knight,* 5 Barn. & Cress. 671: "Where a party to an instrument seals it, and declares in the presence of a witness that he delivers it as his deed, but keeps it in his own possession, *and there is nothing to qualify that, or to show that the executing party did not intend it to operate immediately,* except the keeping the deed in his hands, it is a valid and effectual deed; and delivery to the party who is to take by the deed, or to any person for his use, is not essential." Mr. Lewin, in his work on Trusts, in treating of the

formalities required to create a trust, on page 123 remarks: "A wide distinction exists between testamentary dispositions and declarations of trust. The former are ambulatory until the death of the testator, but the latter take effect, if at all, at the time of the execution." And on page 124, top, he quotes this observation of BULLER, J., in *Habergham* v. *Vincent*, 2 Ves. Jr.: "A deed must take place upon its execution, or not at all. It is not necessary for a deed to convey an immediate interest in possession, but it must take place as passing the interest to be conveyed at the execution; but a will is quite the reverse, and can only operate after death." The author then proceeds: "We may therefore safely assume as an established rule, that if the intended disposition be of a testamentary character, and not to take effect in the testator's lifetime, but ambulatory until his death, such disposition is inoperative, unless it be declared in writing in strict conformity with the statute enactments regulating devises and bequests."

In the case in hand there is that which denotes an intention contrary to that appearing upon the face of the deed, which shows that the deed was not intended to be absolute,—that the grantor in it did not intend it to operate immediately,—and that is, his declarations that the land was to be Mrs. Jones' at his death, but that if she would go and live upon it, it should be hers then, and the other circumstances corroborative of such intention. The deed by its purport was absolute, conveying the grantor's entire interest, to operate immediately. But the evidence shows the deed was not intended to be absolute, but to be qualified in its effect,—that it was not intended to convey the grantor's whole interest, but that he meant to have a life estate unless the grantee should move upon the land, which she never did; that the deed was not intended to operate presently, but only upon the grantor's death, or going upon the land to reside. The evidence shows the distinct intention not to create a present

estate in the grantee. As, then, there was never any actual delivery of the deed, but the grantor ever kept it in his own possession, and as it never was his intention that the deed should presently take effect and become operative according to its terms, there was no delivery of the instrument as the deed of the grantor, and it was not valid as a deed. As Mrs. Jones never moved on the land, this made the deed one to take effect at the grantor's death, which was a disposition of property of a testamentary character, and invalid, because not in compliance with the Statute of Wills.

In *Byars* v. *Spencer*, 101 Ill. 429, it was held, that to constitute a sufficient delivery of a deed there must be a clear manifestation of the intention of the grantor that the deed shall at once become operative to pass the title, and that the grantor shall lose all control over it. That was a case of a father having executed a deed for land to his two minor children, and never actually delivering it, but retaining it in his possession until his death. There could be no doubt, from the evidence there, that it was in accordance with the intention of the father that if he should die without having made any other disposition of the land it should go to these two children. It is true there was there the evidence, additional to what appears in this case, of intention against the immediate operation of the deed, in the offer to sell the land. But the evidence shows that was not for the grantor's own benefit, but for the children's, in order to give them the proceeds. There was the same evidence of purpose to benefit the grantees there as here, and the same intention appearing that the deed should not have present operation, as here, only that it was stronger in degree in the last respect there than here. Yet because of the intention shown that the deed should not operate presently as a deed, it was held, after the father's death, he not having sold the land, that there had been no delivery of the deed, and that it was invalid, and the land should go to the heirs in general.

An instructive case, as bearing upon the present by way of analogy, is that of *Basket* v. *Hassell*, 107 U. S. 602, which involved the question of what constituted delivery of a gift *mortis causa.* There, one Chaney, being the holder of a certificate of deposit given by a bank in his favor, during his last sickness, and in apprehension of death, wrote on the back thereof the following indorsement:

"Pay to Martin Basket, of Henderson, Ky.,—no one else; then not till my death. My life seems to be uncertain. I may live through this spell. Then I will attend to myself.

H. M. CHANEY."

Chaney then delivered the certificate to Basket, and died without recovering from that sickness. The certificate was payable on demand. It was held by the court that it was unquestionable that a delivery of the certificate to the donee with an indorsement in blank, or a special indorsement to the donee, or without indorsement, would have transferred the whole title and interest of the donor in the fund represented by it, and might have been valid as a *donatio mortis causa*, but that the indorsement which accompanied the delivery qualified it, and limited the authority of the donee in the collection of the money, so as to forbid its payment until the donor's death; that the property in the fund did not presently pass, but remained in the donor, and the donee was excluded from its possession and control during the life of the donor; that that qualification of the right which would have belonged to the donee if he had become the present owner of the fund, established that there was no delivery of possession, according to the terms of the instrument, and that as the gift was to take effect only upon the death of the donor, it was not a present executed gift *mortis causa*, but a testamentary disposition, and invalid, not being in compliance with the Statute of Wills.

In *Olney* v. *Howe*, 89 Ill. 556, there was an instrument in writing, under seal, selling and transferring certain personal

property to be given to and taken by the transferee immediately upon the death of the one executing the instrument. It was there said: "The writing is essentially testamentary in its nature. * * * Its object was to make disposition of property after the death of the owner. It did not, after such death, take effect as a testamentary devise, for it was not executed and witnessed as required by the Statute of Wills."

There is a subordinate question in respect of one other of the defendants,—Mrs. Sayles. The intestate, in his lifetime, had made to her a deed for forty acres of land, and she gave to him a receipt expressing that she had received from him the sum of $1000 in land. It is contended by appellants that this forty acres of land was an advancement to Mrs. Sayles, and should have been so treated, instead of decreeing, as the court did, that Mrs. Sayles had not been advanced, and that she should share equally with the others in the lands to be partitioned. The evidence shows the intestate had made various gifts of land and money to his children during his lifetime, and had endeavored to treat them equally in this respect. There was evidence of his repeated declarations that he had given all his children equal amounts of property, and that he had made them equal. The evidence on this branch of the case, which was objected to, we regard as properly received.

As to Mrs. Sayles we think the decree correct, and it is affirmed as to her, and in all other respects except as to Mrs. Jones. As it regards her, the decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed in part and in part affirmed.*

Mr. JUSTICE SCOTT, dissenting:

Dissenting, as I do, from the opinion of the majority of the court, I deem it proper to state my views at some length on the principal question involved.

As respects the property conveyed to Mrs. Sayles, I concur in the views of the court, as expressed in the prevailing opinion.   It is as to the property conveyed to Mrs. Jones I dissent from the conclusion reached by the majority of the court.   In her answer she insists she is the sole owner of a tract of land described in the bill as consisting of three acres, by "virtue of a deed of conveyance thereof made to her by John Cline, * * * on, to-wit, the 19th of February, 1879."   The deed under which she claims the property seems to have remained in the possession of the grantor, with his other papers, until his death, which occurred on or about the 7th of February, 1882, and the insistence is, as the deed was never in fact delivered to the grantee, no title passed to her.   It is satisfactorily proven by the scrivener who prepared the deed at the request of the grantor, and also by other witnesses, the deed to this land was made to Mrs. Jones as a gift, to place her on an equality with his other children, to whom he had given land or personal property, or both.   After the execution of the deed he frequently stated he had now made his children equal in respect to the property bestowed upon them, and that the law would divide the remainder of his estate equally between his children.   There can be no doubt that was his intention. All his other heirs got property from their father as gifts, and unless Mrs. Jones is permitted to retain the land embraced in this deed, she would receive a less portion of her father's estate than his other children.   The just purpose of the grantor to make an equal division of his property among his children, by conveying this land to Mrs. Jones, ought not to be defeated by any subtle reasoning.

The only question made is, whether the deed took effect notwithstanding it was never actually delivered to the grantee, or to any one for her.   It was made upon a meritorious consideration, and was executed with the usual formalities prescribed by law.   The grantor acknowledged before the proper officer, he "had signed, sealed and delivered said instrument

as his free and voluntary act, for the uses and purposes therein set forth," and there is nothing in all the evidence in this record that shows, or even tends to show, that intention was ever revoked. On the contrary, he repeatedly affirmed it by declaring he had deeded the land to Mrs. Jones to make her equal with his other children in respect to the property given to them.

Undoubtedly the general rule is, a deed takes effect from its delivery and acceptance, and most generally they are mutual and concurrent acts. It would be stating the rule broader than the law will warrant, to say no deed would take effect unless delivered into the actual possession of the grantee. The books abound in exceptional cases. Where the exception to the general rule is most frequently recognized, is in cases of voluntary settlements, as is the conveyance in this case. In such cases a common rule of the law of general application is, the "first deed and the last will" shall stand. A will is most generally retained by the testator, and so a deed making a voluntary settlement may be retained by the grantor and still take effect. On this subject Chancellor KENT, in *Souverbye* v. *Arden,* 1 Johns. Ch. 240, states the law to be in cases of voluntary settlements where the grantor retains the deed, the weight of authority is decidedly in favor of its validity, unless there were other circumstances, besides the mere fact of his retaining it, to show it was not intended to be absolute. In *Bunn* v. *Winthrop,* 1 Johns. Ch. 336, the Chancellor said: "The instrument is good as a voluntary settlement, though retained by the grantor until his death." Both of these cases were cited with approval in *Bryan* v. *Wash,* 2 Gilm. 557. In *Walker* v. *Walker,* 42 Ill. 311, this court, in discussing the same subject, said: "No formal delivery to the grantee in person was necessary. If the grantor in a deed intends, when executing it, to be understood as delivering it, that is sufficient. The intention of the party is the controlling element, as said in *Masterson* v. *Cheek,* 23 Ill.

76." English and other American cases have been examined, and it is seen they are in harmony with the general doctrine here stated, and it will not be necessary to do more than to cite a few of the most important cases that are considered as supporting the rule: *Nulrod* v. *Gilham*, 1 P. Wms. 577 ; *Cotton* v. *King*, 2 id. 358 ; *Clavering* v. *Clavering*, 2 Vern. 473 ; *Broughton* v. *Broughton*, 1 Atk. 625 ; *Johnson* v. *Smith*, 1 Ves. 314 ; *Wall* v. *Wall*, 30 Miss. 91 ; *Newton* v. *Bealer*, 41 Iowa, 334 ; *Mitchell* v. *Bryan*, 3 Ohio St. 377 ; *Otis* v. *Beckwith*, 49 Ill. 121 ; *Langham* v. *Wood*, 15 Wend. 545 ; *Jones* v. *Jones*, 6 Conn. 111 ; *Crawford* v. *Bertholf*, Saxton's (N. J.) Ch. Rep. 458 ; *Doe* v. *Knight*, 5 Barn. & Cress. 671. It would be useless to go over these cases again, since they have been fully considered by the courts in this country and in England, and with a uniform concurrence in the doctrine stated.

A principle running through many of the cases on this subject is, the law makes stronger presumptions in favor of the delivery of deeds in cases of voluntary settlements than in ordinary cases of bargain and sale. It is for the reason the parties are supposed to place great confidence in each other. It was so expressly held in *Walker* v. *Walker, supra*. In the former class of cases, (that is, cases of voluntary settlements,) the intention of the grantor is most generally allowed to control, and the deed will be regarded as taking effect, or not, according to the intention of the grantor. It has been seen, in the present case the intention the deed should take effect was never revoked by the grantor in his lifetime. His oft repeated wish was, it should take effect and pass the title to his daughter absolutely. The facts of this case bring it clearly within the rule deducible from the cases *ut supra*. It will also be observed the case being considered has one feature not found in many of the cases on this subject, that makes it a stronger case for the application of the rule. Here the grantee was notified of the making of the deed by the grantor himself, and she accepted the grant by expressing her obligations for

the bounty bestowed upon her, and would try to take care of it. Words of similar import, in *Kingsbury* v. *Burnside*, 58 Ill. 310, were held to constitute an acceptance of the deed by the grantee, though the grantee died before taking it into actual possession. The reason for the decision in such cases is, assent is the principal element, and the taking of the deed into possession is not indispensable, but is only evidence of assent and acceptance. There being a clear intention manifested by the grantor in making the deed it should take effect at once, and that she should have the possession of the land on his death, or sooner if she would live on the premises, which intention was never revoked, and there having been an acceptance of the deed by the grantee in the lifetime of the grantor, it would seem to follow, on principle as well as upon authority, the deed was effectual to pass the title to the grantee, although the grantor retained possession of the deed until his death. That he retained the deed for the benefit of the grantee sufficiently appears from the facts and the circumstances of the case. I am of opinion the decree should be affirmed.

Mr. JUSTICE WALKER: I fully concur in all that is said in this dissenting opinion.