Trustees of the Permanent Fund of the Illinois Christian Missionary Convention v. T. N. Hall, Admr. de bonis non.

1. *Gifts*—Causa Mortis *and* Inter Vivos.—A gift *inter vivos* is only enforced when it is a completed gift. The donor must relinquish absolutely

Trustees, etc., v. Hall.

and irrevocably present and future dominion and power over the sub-ject-matter of such gift. True, the delivery may be in escrow to vest upon the happening of such an event, but this contingency must not be at the mere will or pleasure of the donor. If such a gift is not com-pleted during the lifetime of the donor, his death revokes the part which has been performed.

2.  *Gifts* Inter Vivos—*Promissory Note—Consideration.*—John O. Bolin, a man of a religious turn of mind, conferred with the officers and members of the board of trustees of the Illinois Christian Missionary Convention, relative to making a provision for the institution. About January, 1886, he went to J. W. Boren, and handed him certain papers and said to him, "' Squire, if anything happens to me, mail these letters." One of them was directed to A. McLean, and stamped. The others were all inside of a blank envelope. Mr. Bolin said to Boren, "Inside, the blank one, will tell you what to do." Mr. Boren took the letters, wrote across them the name of John O. Bolin, and said to him, "If anything happens to me, these belong to you." In January, 1889, Bolin died. Boren mailed the letter directed to A. McLean to him. It con-tained a note for two thousand dollars. On opening the blank envel-ope, among others, was another envelope directed to N. S. Haynes, evan-gelist, etc., properly directed and stamped. This letter Boren mailed, and it was received by Mr. Haynes, and contained a note for two thou-sand dollars, of which the following is a copy:

$2,000.                                        MILTON, Pike Co., Ill.

Ten years after date I promise to pay to the trustees of the perma-nent fund of the Illinois Christian Missionary Convention two thousand ·dollars, ($2,000) without interest, for such fund, and in consideration of one dollar ($1) and other valuable consideratio ns, I hereby agree in the event of my death before the maturity of this note, said note shall in that case become absolutely due and payable.

                                                J. O. BOLIN.

Edward N. French was appointed administrator of the estate, and the trustees commenced suit against him. He pleaded general issue and want of consideration. A trial was had before the court. Upon the hearing of the case the court gave judgment against the plaintiff for costs, hold-ing that the note was never delivered, and was without consideration. Upon appeal it was held that the judgment of the Circuit Court was correct.

3.  *Gifts*—Causa Mortis *and* Inter Vivos *and Otherwise.*—The experi-ence of ages has demonstrated the wisdom and the necessity of guarding such bequests or gifts of property against fraud, under influence and imposition. All the States of our Union have statutes designed to supply such safeguards. If a person desires to make a solemn disposition of his property to take effect only after his death, yet leaving him, so long as he may live, fully empowered to change such disposition, or to apply its subject-matter to his own use or to any other purpose, he must do so by a will, in strict conformity with the statutory enactments regulating such bequests.

Memorandum.—Action upon a promissory note. Appeal from a judgment rendered by the Circuit Court of Pike County; the Hon. OSCAR P. BONNEY, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed December 2, 1892.

## STATEMENT OF THE CASE BY THE COURT.

It appears from the evidence that in January, 1885, or 1886, the deceased, John O. Bolin, came to the office of John W. Boren, and handed him two envelopes, saying at the same time, "'Squire, if anything should happen, mail these letters." One of these envelopes was addressed to A. McLean, secretary of the Foreign Christian Missionary Society, and the other one was blank. Bolin said further: "Inside, the blank one will tell you what to do." Boren took the two envelopes and placed them in a large envelope, and sealed it, and wrote Mr. Bolin's name across it. Mr. Bolin looked on while his name was being written across the envelope, and at the same time Boren said to him, "If anything happens to me, this is yours." After this no mention of the matter was ever made by either of these parties to the other.

Shortly prior to the death of Mr. Bolin, which occurred on January 15, 1889, Mr. Boren called on him, and asked him if there was anything he could do for him in the way of business, and he replied, "Nothing; everything is all right." In this conversation no mention was made of the notes. Immediately after Mr. Bolin's death, Boren opened the envelope which he addressed to Mr. Bolin, and also the blank envelope which it contained, and found that the blank envelope contained five envelopes, sealed and stamped, and addressed to the following parties: One to Miss Callie Buckhart, Holden, Mo.; one to N. S. Haynes, corresponding secretary of the permanent fund of the Illinois Christian Missionary Convention; one to the treasurer of the Eureka College; one to J W. Boren, and one to the deacons of the Christian Church, of Milton. Boren mailed or delivered all of these envelopes, including the one to A. McLean, at once. The envelope directed to McLean contained two notes, one of which is the note sued on in the

case of the Foreign Christian Missionary society against appellee, and the other was a similar note for the sum of $1,000, payable to the Christian Woman's Board of Missions. The envelope addressed to N. S. Haynes contained the note sued on in this case without any note or letter of explanation. The note was written upon a blank form sent by Mr. McLean to Mr. Bolin by mail, at the request of the latter. The note is as folows:

MILTON, PIKE CO., ILL., August 24, 1884.

Ten years after date I promise to pay to the trustees of the permanent fund of the Illinois Christian Missionary Convention, two thousand dollars ($2,000), without interest, for said fund, in consideration of one dollar ($1) and other valuable consideration. I hereby agree that in the event of my death before the maturity of this note, said note shall then in that case become absolutely due and payable.

(Signed)    J. O. BOLIN.

At one time, when in attendance upon an annual meeting of the appellant convention, held at Eureka, Illinois, Mr. Bolin said to Mr. Haynes, then a member of appellant's executive board, that his health was not good, and he might not live long, and he desired to arrange his affairs soon, and that he had visited Eureka for the special purpose of conferring with him (Haynes) relative to the disposition of his property. Haynes suggested that he first provide for his wife. Bolin replied that he had fully arranged in his mind as to that; that his wife would be amply provided for, and that he thought he ought to devote about $6,000 to Christian work. Haynes suggested that Eureka College and the appellant convention were commendable organizations, and worthy his consideration, and suggested that $4,000 donated to the college, and $2,000 to the missionary convention would be worthily bestowed. Bolin and Haynes had further conversation, but Mr. Haynes was unable to recall it in detail, but said it was about a will making bequests.

Neither Haynes nor McLean nor any other person connected with either of the missionary societies, or the appellant convention, knew of the existence of the notes until

they were received from Bolin through the mails.    It does
not appear that the appellant convention or either mission-
ary society incurred liability, or expended any moneys upon
the faith of a donation from Bolin, but such organizations
were then each engaged in the beneficent work for which
they were created, and were relying for funds wherewith
to carry on the work, upon donations, which it was expected
would, from time to time, without their knowledge or
solicitation, be made and bestowed upon them.

The case was, upon these facts, submitted to the court
without the intervention of a jury, and the finding and
judgment being adverse to the appellant, the record was
brought here by appeal for review.

### APPELLANTS' BRIEF.

While the rule of law is that a note or bill is not the
subject of a gift *inter vivos* by the maker, an exception is
often made in favor of notes by way of subscription for the
endowment or other aid of public charities, religious socie-
ties or educational institutions.    Randolph on Commercial
Paper, Vol. 2, Sec. 455.

A note for a gift to the trustees of an orphan school
having authority to receive funds and apply them to the
charitable uses contemplated, has been held to be valid and
binding on the maker.    2 Randolph on Commercial Paper,
Sec. 455; Trustees of Orphan School v. Fleming, 10 Bush.
(Ky.) 234; Collier v. Baptist Education Society, 8 B. Mon.
(Ky.) 68.

The accomplishment of the object of an educational insti-
tution is a sufficient consideration for the note given it.
2 Randolph on Commercial Paper, Sec. 455; Roche v.
Roanoke Seminary, 56 Ind. 198; Wesleyan Seminary v.
Fisher, 4 Mich. 515.

The fact that the purpose for which subscriptions to a
charitable fund was made, are being executed, forms a
sufficient consideration for the subscriber's note.    2 Ran-
dolph on Commercial Paper, Sec. 455; Amherst Acdy. v.
Cowls, 6 Pick. (Mass.) 427; Simpson College v. Bryan, 50

Trustees, etc., v. Hall.

Iowa, 293; Roberts v. Cobb, 31 Hun (N. Y.), 150; George v. Harris, 4 N. H. 533.

A promissory note given in payment of a subscription or to specify a promise of subscription is a valuable consideration. Vierling v. Horton, 27 Ill. App. 264; Robertson v. March et al., 3 Scam. (Ill.) 198; Cross v. Pinckneyville Mill Co., 17 Ill. 54; T. & P. R. R. Co. v. McNeely, Adm., etc., 21 Ill. 71; Pryor et al. v. Cain, 25 Ill. 292; Griswold v. Board of Trustees, etc., 26 Ill. 41; McClure v. Wilson, 43 Ill. 356; Trustees of Ken. Bap. Educational Soc. v. Carter, 72 Ill. 247; Whitsitt v. Trustees of Pre-emption Presbyterian Church, 110 Ill. 131; Johnston v. Ewing Female Seminary, 35 Ill. 518; Willard v. Trustees, etc., 66 Ill. 55.

While delivery is essential to the validity of a promissory note, a delivery may be made to one person for another or for several others. 2 Randolph on Commercial Paper, Sec. 807; Borneman v. Sidlinger, 15 Me. 429.

And the intended donee may afterward recover it from such depositary. Coutant v. Schuyler, 1 Paige (N. Y.), 316; Wells v. Tucker, 3 Binney (Penn.), 366.

The delivery to the intended donee by the intermediate holder of the promissory note may be made after the giver's death, and such a gift may be even handed back to the donor to keep, and to collect for the donee. 2 Randolph on Commercial Paper, Secs. 807, 808; Sessions v. Moseley, 4 Cush. (Mass.) 87; Grover v. Grover, 24 Pick. (Mass.) 261; Southerland v. Southerland, 5 Bush (Ky.), 591.

A bill or note, as well as a deed, may be delivered as an escrow, that is, to a third person, and held until a certain event happens or conditions are complied with, and the liability of the party commences then as soon as the event happens, or the conditions are fulfilled, and without actual delivery by the depositary to the promisee. And it matters not that the actual delivery is not designed to take place until after the death of the promisor. The instrument, whether negotiable or otherwise, is nevertheless valid. Daniel on Negotiable Instruments, Sec. 68; Couch v. Meeker, 2 Conn. 302; 1 Parsons, N. & B., 51; Taylor v.

Thomas, 13 Kan. 217; Giddings v. Giddings, Adm'r, 51 Vt. 227; Belden v. Carter, 4 Day (Conn.), 66; 1 Randolph on Commercial Paper, Secs. 223, 227; also Seavey v. Seavey, 30 Ill. App. 641; Stone v. Hackett, 12 Gray (Mass.), 227; Martin v. Funk, 75 N. Y. 134; Minor v. Rogers, 40 Conn. 512; Smith v. Ossipee Savings Bk., 9 Atl. Rep. (N. H.) 972; Gerrish v. New Bedford Inst., 128 Mass. 150; Forbes, Adm'r, v. Jason, Adm'x, 6 Brad. 395.

Where money, personal property or notes are delivered to one person as a gift to another, to be delivered in the future, it is unnecessary to the validity of the gift that the donee should assent thereto. In such cases the assent will be presumed. Giddings v. Giddings, 51 Vt. 227; Stone v. Hackett, 12 Gray (Mass.), 227; Seavey v. Seavey, 30 Ill. App. 641.

A. G. Crawford, attorney for appellants.

#### Appellee's Brief.

Delivery is essential to the validity of every gift, and not even a court of equity will interfere to enforce a merely intended or promised gift. 1 Parsons on Contracts, 234, and cases cited; Bishop on Contracts, Sec. 82, and cases cited; People v. Johnson, 14 Ill. 342; Am. & Eng. Enc. of Law, Vol. 8, p. 1314 and cases cited. Delivery is necessary to perfect a promissory note. Story on Promissory Notes, Sec. 9; 1 Randolph on Commercial Paper, Sec. 216; Parsons on Notes and Bills, Sec. 7, p. 48; Tiedeman on Commercial Paper, Sec. 34; Pearson v. Pearson, 7 Johns. (N. Y.) 26; 2 Am. & Eng. Enc. of Law, 242.

A donor's own note can not be the subject of a *donatio causa mortis*. 3 Redfield on Wills, 336; Vol. 1, Parsons on Notes and Bills, 179, and Vol. 2, 55; Tiedeman on Commercial Paper, Sec. 160; 1 Woerner's Am. Law of Administration, Sec. 59; Bowers v. Hurd, 10 Mass. 427; Parish v. Stone, 14 Pick. (Mass.) 198; 8 Am. & Eng. Enc. of Law, 1343.

To constitute a gift *inter vivos* there must be a gift absolute and irrevocable, without any reference to its taking

effect at some future period. The donor must deliver the property and part with all present and future dominion over it. Roberts v. Draper, 18 Ill. App. 157; Dale v. Lincoln, 31 Me. 422; Northrup v. Hale, 73 Id. 66; Robinson v. Ring, 72 Id. 140; Grover v. Grover, 24 Pick. (Mass). 261; Jackson v. 23d St. Ry., 88 N. Y. 520; Richardson v. Hadsall, 106 Ill. 476; Selleck v. Selleck, 107 Ill. 389.

A gift in the nature of a testamentary bequest can only become operative when executed by the donor in writing in conformity with the statute of wills. 3 Redfield on Wills, 343; Forbes v. Williams, 15 Ill. App. 305; 1 Woerner's Am. Law of Administration, Sec. 63.

If a party delivers his own promissory note as a gift, it is but a promise to pay a sum certain at a future day; and such promise can not be enforced either in law or equity. It can not be enforced against the maker during his life, and after his death his representatives can defend against it on the ground of no consideration. Blanchard v. Williamson, 70 Ill. 647; Arnold v. Franklin, 3 Ill. App. 141; Forbes v. Williams, 15 Brad. 305; Williams v. Forbes, 114 Ill. 167; 2 Kent's Com. 438; Am. & Eng. Enc. of Law, 1320, and cases cited.

The only exception to the above rule is where notes are given by way of voluntary subscription to raise a fund or promote an object; and even then they are open to the defense of a want of consideration, unless money has been expended or liabilities incurred which, by legal necessity, must cause loss or injury to the person so expending money or incurring liability if the notes are not paid. 1 Parsons on Notes and Bills, 202; 1 Parsons on Contracts, 453; Tiedeman on Commercial Paper, Sec. 161; Simpson Cen. College v. Tuttle, 71 Iowa, 596.

Our own courts have repeatedly held that the promise in such cases stands as a mere offer, and may, by necessary consequence, be revoked at any time before it is acted upon, and the death of the promisor before the offer is acted upon is a revocation of the offer. McClure v. Wilson, 43 Ill. 356; Trustee v. Garvey, 53 Ill. 401; Baptist Ed. Society

v. Carter, 72 Ill. 247; Pratt, Adm'x, v. Trustees, etc., 93 Ill. 475; Beach v. M. E. Church, 96 Ill. 177.

H. D. L. GRIGSBY and HARRY HIGBEE, attorneys for appellee.

OPINION BY THE COURT.

When the deceased deposited the note with Mr. Boren, he was under no apprehension of death other than that general expectancy of dissolution, soon to occur in the course of nature, which all persons of his age so reasonably entertain. In his case, perhaps, this general expectation of death was aroused and quickened by his failing health. Otherwise, he was in no fear of death, immediate or remote. Gifts, made under such circumstances, can not be regarded as *donatio causa mortis*. 2 Blackstone Com. 514; Story Eq. Juris. Sec. 607 a.

A gift *inter vivos* is only enforced when it is a completed gift. The donor must relinquish, absolutely and irrevocably, present and future dominion and power over the subject-matter of such a gift. True, the delivery may be in escrow, to vest upon the happening of an event, but this contingency must not be at the mere will or pleasure of the donor. His dominion and right of control must cease before such a gift becomes absolute and fixed, so that it may be enforced at law. Jackson v. Railway Co., 88 N. Y. 520; 8th Am. and Eng. Ency. of Law, page 1313.

If such a gift is not completed during the lifetime of the donor, his death revokes the part which has been performed. 8 Am. and Eng. Ency. *supra*.

The decedent procured from the appellant convention, a blank form for a note, for the payment of money to it. This he signed, but instead of delivering it to the appellant, as a binding obligation, he deposited it with one who was to act for him, and retain it during his lifetime. Manifestly, he intended to keep the note within his own control, so that he could repossess himself of it, if he chose so to do. To our mind, it clearly appears, from the evidence, that the deceased did not intend to irrevocably invest the appellant

with legal power to enforce against him payment of the sum of money mentioned in the note. He did not know but that his life might be prolonged, or, for other reasons, he might need, or prefer to otherwise apply and appropriate, his means. At any rate, he did not choose to bind himself absolutely to pay it to the appellant during his lifetime. He left the gift incomplete.

It is insisted, however, that the evidence conclusively shows that he did intend to bestow the money upon the appellant, after his death, and that he executed the note and delivered it to Mr. Boren, with instructions to deliver it to the appellant after his death, for the purpose of effecting that intent; that upon his death-bed, his words and conduct were such as to confirm and ratify his former act, and that in pursuance thereof, the note was delivered to the appellant, who rightly possesses it and may lawfully enforce its payment. If it be conceded that all this is proven, it only appears that the deceased desired, and attempted to make, a disposition of his property to take effect only after his death. This he might lawfully do, but not by means of an undelivered note.

The experience of ages has demonstrated the wisdom and the necessity of guarding such bequests, or gifts of property, against fraud, undue influence, and imposition. All the States of our Union have statutes designed to supply such safeguards. If one desires to make a solemn disposition of his property, to take effect only after his death, yet leaving him so long as he may live fully empowered to change such disposition, or to apply its subject-matter to his own use, or to any other purpose, he must do so by a will executed in strict conformity with the statutory enactments regulating such bequests. Redfield on Wills, Vol. 3, 348; Cline v. Jones, 111 Ill. 563; Olney v. Howe, 89 Ill. 556. The note in question can not be received as a testamentary bequest and given the force and effect of a will, under our statute, providing for the execution of such instruments.

We think the judgment of the Circuit Court correct. It is affirmed.