MARINDA SHOVERS

*v.*

HENRY R. WARRICK *et al.*

*Filed at Ottawa October 29, 1894.*

1. LACHES—*prevents specific performance when contract is doubtful.* Where there is doubt about the existence and terms of a contract, a court of equity will be cautious in enforcing its specific performance, particularly after a long period has elapsed.

2. SPECIFIC PERFORMANCE—*contract within Statute of Frauds not enforced.* Before a court of equity will decree a conveyance of land under a parol contract, such a performance must be shown as will take the case out of the Statute of Frauds.

3. SAME—*possession must be taken under the agreement.* In such case it must affirmatively appear that the possession of the property was taken and the improvements made under the contract itself, and not otherwise.

4. SAME—*the contract must not be indefinite.* A parol contract, claimed to be taken out of the operation of the Statute of Frauds by part performance, must be clear and certain in its terms, and established by definite, unequivocal and undoubted testimony.

5. SAME—*the part performance must relate to the contract.* It is not enough that the act relied on as part performance is evidence of some agreement; it must relate to and be unequivocal evidence of the particular agreement charged in the bill.

6. SAME—*discretion of court in.* If contract is proved, the decreeing of specific performance is matter of sound discretion with the court.

7. STATUTE OF FRAUDS—*memorandum to take case out of.* The making of a deed which was never delivered, and afterwards destroyed by the grantor, and which does not relate to and prove the contract of sale, will not operate as a written memorandum taking the case out of the Statute of Frauds.

8. DEEDS—*voluntary settlement.* A conveyance retained in the grantor's possession will not be good as a voluntary settlement if other circumstances besides the retention show the grantor did not intend it to operate immediately, or had an intention contrary to that appearing upon the face of the deed.

9. WITNESSES—*competency where adversary defends as devisee.* A complainant in a suit against heirs and devisees to enforce the specific performance of a verbal agreement to convey land is not, nor is her husband, a competent witness.

10. ERROR—*matters discretionary cannot be assigned for.* Unless there is something in the record to show an abuse, matters discretionary with the court cannot be assigned for error.

APPEAL from the Circuit Court of Livingston county; the Hon. C. S. STARR, Judge, presiding.

Mr. HERBERT POWELL, and Messrs. McILDUFF & TORRANCE, for the appellant:

The payment of the purchase money for land, taking possession under the contract to convey, and the making of lasting and valuable improvements upon the land, in equity, will take a parol sale out of the statute. *McNamara* v. *Garrity,* 106 Ill. 384; *Whitsitt* v. *Trustees,* 110 id. 125.

A verbal contract for the sale of land may be taken out of the operation of the statute, in chancery, by payment of the purchase money, being let into possession, and making lasting and valuable improvements, or by less than concurrence of all three requisites, but payment of purchase money is always essential. *Holmes* v. *Holmes*, 44 Ill. 168; *Northrop* v. *Boone*, 66 id. 368; *Laird* v. *Allen*, 82 id. 43; *Morrison* v. *Herrick*, 130 id. 641; *Pond* v. *Sheean*, 132 id. 312; *Harrison* v. *Polar Star Lodge*, 116 id. 279; *Pickerell* v. *Morss*, 97 id. 220; *Fleming* v. *Carter*, 70 id. 286; *Mason* v *Bair*, 33 id. 194.

The presumption of law is in favor of the delivery of a deed, and the burden of proof is on the grantor to show clearly that there was no delivery. *Souverbye* v. *Arden*, 1 Johns. Ch. 256; *Clavering* v. *Clavering*, 2 Vern. 473; *Broughton* v. *Broughton*, 1 Atk. 625 ; *Johnson* v. *Smith*, 1 Ves. 314 ; *Reed* v. *Douthit*, 62 Ill. 352 ; *Walker* v. *Walker*, 42 id. 311 ; *Masterson* v. *Cheek*, 23 id. 76.

The true test of the competency of a witness is whether he will either gain or lose by the direct legal operation and effect of the judgment in the case, or whether the record will be evidence for or against him. *McClure* v. *Otrich*, 118 Ill. 320.

A husband or wife can not testify for or against each other where the adverse party sues or defends as the executor, etc., of any deceased person. *Treleaven* v. *Dixon*, 119 Ill. 548 ; *Way* v. *Harriman*, 126 id. 132 ; *Shaw* v. *Schoonover*, 130 id. 455.

Mr. H. H. McDowell, and Mr. George W. Patton, for the appellees :

A court of equity will not lend its aid to enforce the specific performance of a contract, if the party seeking the aid of the court has been guilty of great delay in performing it, or in filing his bill, or in prosecuting his suit after the bill is filed. *Marshall* v. *Peck*, 91 Ill. 187; *Rector* v. *Rector*, 3 Gilm. 119 ; *Milword* v. *Earl Thanet*, 5 Ves. 720 ;

*Marquis of Hertford* v. *Boose,* id. 719 ; *Eaton* v. *Lyon,* 3 id. 690 ; *Ditto* v. *Harding,* 73 Ill. 117; *Roby* v. *Cossitt,* 78 id. 638 ; 1 Story's Eq. Jur. sec. 64; 2 id. sec. 771; *Beach* v. *Dyer,* 93 Ill. 301 ; *Brink* v. *Steadman,* 70 id. 243 ; *Walker* v. *Douglas,* 70 id. 452; *Kimball* v. *Tooke,* id. 564; *Walker* v. *Ray,* 111 id. 320.

In order to take a case out of the operation of the Statute of Frauds, a parol contract to convey land should be clear and certain in its terms, and established by testimony of an undoubted character, which is clear, definite and unequivocal. *Langston* v. *Bates,* 84 Ill. 524 ; *Worth* v. *Worth,* 84 id. 442 ; *Padfield* v. *Padfield,* 92 id. 198 ; *Pickerell* v. *Morss,* 97 id. 220 ; *Ferbrache* v. *Ferbrache,* 110 id. 210 ; *Bohanan* v. *Bohanan,* 96 id. 591; *Insurance Co.* v. *Rink,* 110 id. 538 ; *Clark* v. *Clark,* 122 id. 388 ; 1 Story's Eq. Jur. sec. 769 ; *Gould* v. *Banking Co.* 136 Ill. 60.

A bill for specific performance is addressed to the sound legal discretion of the chancellor, and although a legal contract may exist, it will not be decreed as a matter of course. *Frisby* v. *Ballance,* 4 Scam. 287.

The granting or refusing leave to amend a bill in chancery after the hearing and before a final decision, being purely a matter of discretion, cannot be assigned for error. *Hoyt* v. *Tuxbury,* 70 Ill. 331.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

The object of the original and supplemental bills filed in this case by appellant is to enforce the specific performance of an alleged verbal agreement to convey 40 acres of land. After answers and replications were filed and hearing was had upon testimony taken, the circuit court dismissed the bills for want of equity, and the present appeal is prosecuted from such decree of dismissal.

The original bill, which was filed on December 18,1889, alleges that, on April 1, 1870, George Warrick, being the owner of the 40 acres, made an agreement with his son, Luther B. Warrick, to sell and convey to the latter the 40 acres for $1000.00 ; that Luther took possession on March

1, 1871, and made valuable improvements; that in April, 1875, complainant intermarried with the said Luther, and moved upon said premises with him; that she and Luther continued to reside there until a short time before his death in April, 1881; that two children, Harry Warrick and Grace Warrick, were born to them; that Luther Warrick died intestate and no letters of administration were taken out upon his estate; that Harry Warrick died on April 14, 1884, leaving complainant and Grace Warrick his sole heirs; that on April 4, 1889, Grace Warrick died leaving complainant her only heir; that complainant married Joseph Shovers on May 15, 1886. Other allegations of the bill will be referred to hereafter. All the material allegations were denied in the answers. The original bill made George Warrick a defendant, but he died on December 18, 1889, the day on which the original bill was filed, and before service was had upon him. A supplemental bill was filed on April 25, 1890, alleging the death of George Warrick testate, and making his executors, devisees and heirs parties defendant. On November 26, 1890, a second supplemental bill was filed, alleging the death on May 16, 1890, of Mary J. Johnson, one of the devisees or heirs of said George, and making her heirs parties defendant. On May 23, 1892, during or after the hearing of the cause, complainant was allowed to file a third supplemental bill, setting up the execution on January 1, 1891, of a deed by Eliza Warrick, widow of said George, and the other defendants conveying the 40 acres in question to one Pratt, and the execution on the same day of a deed by Pratt and wife conveying the premises to one Skean, and praying that said deeds be set aside, and that said Skean and wife be required to perform said oral agreement by conveying said premises to complainant. The statute of frauds is fully pleaded in the answers.

It is not only alleged in the bill, that there was an oral agreement to sell and convey, but also that said agreement was fulfilled during the lifetime of the parties to it

by the payment of the purchase money, and that possession was taken and improvements were made under it. After a careful examination of all the evidence, we do not think these allegations are sustained by it.

There is no direct proof of any kind, that there was an agreement by George Warrick to sell the land to his son. The only proof that Luther had any interest in the land consists of the testimony of witnesses, who swear that, many years prior to the date of their testimony, they heard George Warrick speak of the land as belonging to Luther, or to Luther's heirs ; and of the testimony of witnesses who swear that they heard Luther Warrick speak of having paid for the land with corn which he had raised. One witness says he thinks Luther told him that the land cost about $1500.00. None of the statements alleged to have been made by Luther are shown to have been made in the presence of his father.

So far as possession and improvements are concerned, there is no proof that Luther ever had any such possession, or ever made any such improvements, as were not entirely consistent with his occupancy of the premises as a mere tenant of his father. He did not take possession in 1871, as alleged in the bill, but some time in 1876 after his marriage, and only occupied the premises about five years before his death. The house which he occupied was upon the premises when he went there. The only improvements he made were these : he put some sills under the house, dug a well, "scraped out an open ditch," and at one time built a rude sort of stable which is shown not to have cost more than $25.00. It is hardly probable, that the possession taken in 1876 could have been taken under a contract to sell and convey made in 1870.

After a long period has elapsed, courts of equity will be cautious in enforcing the specific performance of a contract when there is any real doubt about its existence and terms. (*Rector* v. *Rector,* 3 Gilm. 105). Before a court of equity will decree a conveyance under a parol contract,

such a performance must be shown as will take the case out of the statute of frauds. A party seeking to enforce such a parol contract can derive no benefit from a possession taken under a lease; it must affirmatively appear that the possession was taken under the agreement relied upon and in part performance of it, and that the improvements were made under the contract itself and not otherwise. (*Bright* v. *Bright*, 41 Ill. 97; *Wood* v. *Thornly*, 58 id. 464). In order to take a case out of the operation of the statute of frauds, a parol contract to convey land should be clear and certain in its terms, and established by testimony of an undoubted character, which is clear, definite and unequivocal. (*Langston* v. *Bates*, 84 Ill. 524). Such testimony does not exist in this case. A court of equity, when called upon to decree the specific performance of a parol agreement for the conveyance of land between father and son after both are dead, and when the evidence of the agreement consists of rambling and fragmentary conversations had with the parties years before, is asked to exercise an extraordinary jurisdiction. The court must be well satisfied of the existence and character of the agreement and of the substantial justice of the claim to the exercise of its power. "The act relied on as part performance must in itself furnish evidence of the identity of the contract; and it is not enough that it is evidence of some agreement, but it must relate to and be unequivocal evidence of the particular agreement charged in the bill." (*Wallace* v. *Rappleye*, 103 Ill. 229). Even if the existence of the contract be satisfactorily proven, its specific performance is matter of sound discretion with the court, which may withhold or grant the relief according to the circumstances of each particular case. (*Wallace* v. *Rappleye, supra*).

It is alleged in the bill, that, a few days before the death of Luther B. Warrick and in his presence, his father, George Warrick, executed and acknowledged a deed conveying the 40 acres in question to the heirs of Luther.

The evidence is conflicting as to whether such a deed was executed or not. But if it was executed, it was never delivered. Not only is the evidence clear and positive, that it was never delivered either to Luther Warrick, or to his children, or to anybody for them, but the bill avers that the deed was not delivered to said Luther, and that George Warrick "has failed to place the same on record, or to deliver the same to the said heirs or to your oratrix." The rule that, where a parent executes a deed to an infant child which is beneficial to the child, and manifests by his words and conduct that he intends the deed to operate at once, a delivery will be presumed and proof of actual delivery is unnecessary, can have no application here, The bill states affirmatively that there was no delivery, and the proof of complainant shows that George Warrick did not intend that the deed should operate at once. (*Hayes* v. *Boylan*, 141 Ill. 400). As there was never any actual delivery of the deed, but the grantor ever kept it in his own possession, and as it was never his intention that the deed should presently take effect and become operative according to its terms, there was no delivery of the instrument as the deed of the grantor, and it was not valid as a deed. (*Cline* v. *Jones*, 111 Ill. 563).

The deed thus alleged to have been executed was never recorded and has not been produced ; the bill alleges that it was destroyed or concealed by the grantor. Hence, the claim, that it can be regarded as a written memorandum to take the case out of the operation of the statute of frauds, is without force ; because, in the first place, there was no contract of sale to which the deed could stand related, nor, in the second place, was there any reference in the deed itself to any such contract, so far as the proof in this case shows. (*Kopp* v. *Reiter*, 146 Ill. 437).

We do not think, that the deed can be regarded as having been made as a voluntary settlement. The bill does not aver, that it was made as a voluntary settlement but to carry out a contract for the sale of the land which

is alleged to have been fulfilled. It has been held, that an instrument may be good as a voluntary settlement, though it be retained by the grantor in his possession until his death. But a deed will not be regarded as a voluntary settlement, if there are other circumstances, besides the retention of the deed by the grantor, showing that he did not intend it to operate immediately, or that he had an intention contrary to that appearing upon the face of the deed. (*Cline* v. *Jones, supra*). Here, there were such other circumstances. George Warrick made his will on January 29, 1889, before the death of his grand-daughter, Grace Warrick, and therein devised this land to her for life, and at her death to her children, but if she should have no children, then to his five children, naming them. This will was consistent with the declaration attributed to him by one of complainant's witnesses, that he wanted the land to go to Luther's children, but did not intend to record the deed because he did not want Luther's wife to have the land. The making of this will and the declarations of the testator as to the deed are wholly inconsistent with the idea, that he had made any conveyance of the land which he intended to operate immediately. In addition, he paid all the taxes upon the land from 1866 down to 1889 inclusive with the exception of two years, and took possession of the land after the death of his son, Luther, and rented it and collected the rents.

We do not think that appellant was a competent witness, as she was a party to the suit, and the adverse parties defending were the heirs and devisees of George Warrick deceased. She being incompetent under the statute, her husband, Joseph Shovers, was also incompetent to testify. (*Treleaven* v. *Dixon*, 119 Ill. 548; *Way* v. *Harriman*, 126 id. 132; *Shaw* v. *Schoonover*, 130 id. 448). Whether the defendants were competent to testify or not is a question which need not be considered, as the case presented by the bill is not sustained by the proof if the evidence of the defendants themselves be excluded.

Appellant claims that the court erred in not granting a motion, made by her on May 24, 1892, after the hearing of the cause and before final decree, for leave to amend her bill and supplemental bills. As this was a matter which was within the discretion of the court and there is nothing to show that there was any abuse of the discretion, it cannot be assigned as error; particularly as the motion did not show what amendment appellant desired to make, so that the court could intelligently determine the propriety of allowing or disallowing it. (*Hoyt* v. *Tuxbury*, 70 Ill. 331; *Campbell* v. *Powers*, 139 id. 128; *Barm* v. *Bragg*, 70 id. 283; *Sawyer* v. *Campbell*, 130 id. 186).

The decree of the circuit court is affirmed.

*Decree affirmed.*