## Frederick Scott, Plaintiff in Error, v. Miles Desire, Defendant in Error.

## Gen. No. 5,630.

1. STATUTE OF FRAUDS—*part performance.* To remove an oral contract for the sale of land from the operation of the Statute of Frauds it must appear that the vendee took possession under it and made permanent and valuable improvements with his own funds.

2. VENDOR AND VENDEE—*when vendee may repudiate.* To permit the vendee to repudiate an oral contract would not be a fraud on the vendor where the vendee merely took possession and paid $500 of the $3,700 purchase price and made no valuable or permanent improvements and permitted no waste except natural wear.

3. VENDOR AND VENDEE—*when vendor cannot take advantage of vendee's failure to properly rescind.* The vendor cannot take advantage of the vendee's neglect to promptly rescind the contract and thereby retain the earnest money when the delay is caused by the vendor's promise to cure the defect in title.

4. VENDOR AND VENDEE—*delay preventing enforcement of contract.*

Where the vendee gives the vendor notice that he does not hold himself bound and will not perform and the vendor makes no prompt assertion of his right to enforce the contract, equity considers that the vendor acquiesces in the notice and abandons his equitable right, and a comparatively brief delay is a bar.

5. VENDOR AND VENDEE—*delay by vendor in giving notice that he will enforce the contract after notice of abandonment.* Where the vendee, who has paid part of the purchase price, gives the vendor notice that he will not perform because merchantable title was not furnished, even if the vendee could have been compelled to perform in the first place, he has a right to repudiate where the vendor does not advise him that performance will be insisted on until more than three months after such notice.

6. APPEALS AND ERRORS—*when freehold involved.* The appellate court may take jurisdiction on the assumption that a determination of whether a freehold is involved is not required, where neither party raises the question and complainant seeks to compel performance of an oral contract to purchase land but the defendant alleges that no merchantable title was tendered until more than a year after time for performance, that notice to rescind was given, and thát complainant did not act thereon for more than three months.

7. SPECIFIC PERFORMANCE—*affirmative relief.* Where specific performance of a contract to purchase land is denied, defendant cannot complain that complainant was not required to refund the difference between the amount paid under the contract and the amount collected in rents, where no cross-bill is filed or affirmative relief asked in the answer.

Bill for specific performance. Error to the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

WHITE & TUESBURG, for plaintiff in error.

A. C. NORTON and F. A. ORTMAN, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

Plaintiff in error, hereinafter called plaintiff, owned certain real estate in Chatsworth, Illinois, on which there was a livery barn. On February 25, 1909, he ad-

vertised the same for sale subject to a mortgage of
$2,500, the purchaser to pay $500 cash on the day of
sale, and the balance ten days from that date on deliv-
ery of the deed and abstract, possession to be given on
the date of sale upon receipt of contract and payment
of the $500. Defendant in error, hereinafter called
defendant, bid off the premises at the sale for $3,700
and paid $500 down and took possession. On the day
named in the notice of sale, plaintiff tendered defend-
ant a warranty deed and abstract of the property.
Defendant refused to accept the deed on the ground
that the abstract showed that one Sterling St. John
of New York state had an outstanding claim of title
in the property, but said to plaintiff, "You give us a
good title and we will pay you the money." Plaintiff
corresponded in a leisurely manner with persons who
were supposed to represent or be in some way con-
nected with St. John, and on May 4, 1909, definitely
learned that a deed perfecting the title could not be
obtained from him. This was seven days before the
first day of the May Term, 1909, of the Livingston
County Circuit Court, and too late to file a bill to quiet
title returnable at that term. He, however, filed a bill
for that purpose returnable to the October Term, 1909.
On October 22, 1909, St. John demurred to the bill and
on December 1, of the same year, waived the demurrer
by filing an answer, claiming an interest in the prop-
erty. The cause was referred to the master and he
heard the proof and filed his report on July 6, 1910.
On July 14, 1910, a decree was entered on the master's
report finding that St. John had no title or interest
in said land and quieting plaintiff's title. St. John
appealed from the decree and filed an appeal bond and
later gave plaintiff a quitclaim deed to this property.
Defendant collected $445 for rent and on June 13,
1910, nearly sixteen months after the day of sale, and
a month before the decree, served upon plaintiff a
notice stating that he had not received an abstract
showing merchantable title in the property; that

he rescinded the sale, tendered possession of the property, and demanded the return of the difference between the cash payment and the amount of the rent collected by him, and abandoned the premises. On September 28, 1910, plaintiff tendered defendant a warranty deed and abstract showing the proceedings to quiet title and the quitclaim deed from St. John, which tender was refused. On September 30, 1910, plaintiff filed a bill in the Circuit Court of said county against defendant to compel him to specifically perform the agreement and pay the remainder of the purchase money with interest, and offered to execute a deed of the property on receipt of such payment. Defendant answered, setting up the cloud on the title, averring that he had used the rents to reimburse himself for the cash payment, and alleged that plaintiff knew of the refusal of St. John to execute the deed more than thirty days before the first day of the May term, 1909, of the Circuit Court, but neglected to file a bill in time for that term; that reasonable diligence was not used in removing the cloud, and that defendant had lost several opportunities to sell the property because of this cloud; that when he gave the notice to rescind, plaintiff did not have a merchantable title, and that after the notice plaintiff did not advise him that he would insist on his taking the property until more than three months later. There was a replication to the answer and a reference of the cause to the master. The master heard the proofs and reported, recommending that the court decree that the defendant pay to the plaintiff the amount due on the contract upon delivery to him of a good and sufficient conveyance and abstract of title to said premises. The court sustained defendant's exceptions to the master's report, and dismissed the bill for want of equity. This writ of error was sued out to review the decree.

It is contended that the contract was within the statute of frauds and therefore of no force and effect, and that there was not sufficient part performance to

take it out of the statute.  The contract was oral and not enforceable in equity unless it had been so far performed by plaintiff that to permit the defendant to repudiate it would be a fraud. Morrison v. Herrick, 130 Ill. 631.  To prevent the statute being a bar to an oral contract for the sale of lands, it must appear that the vendee acted upon it by taking possession under its terms, and made permanent and valuable improvements with his own funds.  Standard v. Standard, 223 Ill. 255.  The defendant took possession and paid $500 of the $3,700 purchase price, made no valuable or permanent improvements, and permitted no waste except the natural wear and tear, and to permit him to repudiate it would not be a fraud upon plaintiff under the authority of Morrison v. Herrick, *supra.*  The vendor of land cannot take advantage of the purchaser's neglect to promptly rescind the contract when such delay is caused by the vendor's promise to cure the defect in the title and thereby retain the earnest money. Lancaster v. Roberts, 144 Ill. 213.  The tender of a merchantable title was not made until a year and seven months after the sale, although the advertisement was to the effect that such title was to be tendered within ten days.  The evidence shows that defendant bargained for the property with a view of selling the same and that owing to the delay of plaintiff in furnishing him with a merchantable title he lost several opportunities of selling it.  The quitclaim deed from St. John gave plaintiff a merchantable title which he could just as well have obtained a year and a half before.  If one party gives the other notice that he does not hold himself bound to perform and will not perform the contract, and the other makes no prompt assertion of his right to enforce the contract, equity will consider the latter as acquiescing in the notice and as abandoning his equitable right.  So long as he takes no action he is, in fact, exercising his option to consider the contract abandoned, and in such case a comparatively brief delay will be a bar.  36 Cyc. 728.  The

proof supports defendant's averment that plaintiff did not advise him that he would insist on his taking the property until more than three months after he had notified him that he rescinded the contract. We think, then, even if defendant could have been compelled to perform the contract in the first place, plaintiff's delay was so unreasonable that defendant had a right to repudiate the contract.

We take jurisdiction of this cause on the assumption that we are not required to determine whether or not a freehold is involved, as neither party has raised the question here.

Defendant's assignment of error that the court erred in not decreeing that plaintiff refund $55, the difference between the amount paid by him and the amount received in rents, has no foundation for the reason that he did not file a cross-bill nor ask for affirmative relief in his answer.

The decree must be affirmed.

*Affirmed.*