### A. P. Hanes v. Benjamin Newport et al.

STATUTE OF FRAUDS—*when defense to bill for specific performance.* A bill specifically to enforce a verbal option for a three-years' extension of a lease will be defeated by the defense of the Statute of Frauds, notwithstanding possession in the complainant, where the bill does not aver election to exercise the option and does not show payment of rent under the option as exercised or the making of valuable improvements predicated thereon.

Bill for specific performance. Appeal from the City Court of Mattoon; the Hon. H. S. CLARK, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

HUGHES & CHEEZEM, for appellant.

EDWARD C. and JAMES W. CRAIG, JR., for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

A. P. Hanes filed a bill for specific performance of a contract, against Benjamin Newport and J. W. Adrian, in the City Court of Mattoon, to which said Newport and Adrian filed a demurrer. Upon hearing had thereon, the court sustained the demurrer and dismissed the bill for want of equity. Hanes appealed.

. The bill, in substance, states that appellees owned a livery stable property in Mattoon, Illinois, and on October 20, 1905, verbally leased the same to appellant for a period of one year from the first day of December, 1905, at a rental of $85 per month, payable at the end of each month with the option given to appellant to retain the property for three additional years at the same rate with the further agreement upon the part of appellees that they would on or about December 1, 1905, make repairs upon said property for the convenience of appellant, as follows: lay a concrete floor upon a part of the premises, lay a tile about the well, barn and wash rack, plaster and paint the office, make a tight ceiling over the stalls, put the doors and feed troughs in proper repair and put in water connections; that appellees agreed to prepare a lease in writing embodying such provisions, to be signed by both parties to the contract; that appellant, relying upon such verbal agreement, moved his family from Peoria to Mattoon and on December 1, 1905, took possession of the premises and demanded his lease; that appellees failed to comply with such demand, but promised to soon make a lease, upon the faith of which appellant continued his possession; that appellant had remained in possession of the premises and paid all rents due up to the time of filing the bill; that notwithstanding all the foregoing, the appellees had failed and refused to keep or perform the terms of said agreement and had refused to make any lease to ap-

pellant; that said premises had not been improved as agreed upon, and upon that account were not worth the rental agreed upon and that appellant had been greatly damaged by reason of the failure of appellees to comply with the terms of said agreement. The bill prayed for specific performance of the contract and that appellees be ordered to refund to appellant the sum of $50 per month for nine months and that an account be taken of the damages sustained by appellant by reason of the failure of appellees to comply with the terms of the agreement and appellees ordered to pay the same.

To this bill appellees filed a demurrer, and, among other grounds, contended that the bill did not state such a case as entitled appellant to any relief in equity because the contract as alleged in the bill was contrary to the Statute of Frauds.

It is unnecessary to consider any of the other objections urged against said bill for the reason that we regard the Statute of Frauds as a complete defense.

The sole and only grounds alleged by appellant to take the case out of the operation of the Statute of Frauds are that he took possession of the premises involved and paid his rent at the agreed rate while he was so in possession and relied upon appellees' promise that they would execute a written lease according to the verbal agreement.

There was no allegation in the bill that appellant had exercised his option to continue the lease for the three additional years, although he seeks to make that election for the first time in his reply brief filed in this court. This falls short of the requirements necessary to remove the bar of the statute.

A verbal contract for the sale of an interest in real estate for a period exceeding one year can be taken out of the operation of the Statute of Frauds only by the payment of the purchase price, being let into possession and the making of valuable improvements. While the cases may not all go to the length of

requiring all of these acts to constitute a part performance of the contract, such as to authorize a decree for specific performance, there is no well-considered case which has dispensed with the payment of the purchase price. Holmes v. Holmes, 44 Ill. 168; Wright v. Raftree, 181 Ill. 473.

There is no allegation in the bill that appellant had made any payment except the rent agreed upon. That cannot be construed to be a payment upon the agreement for the three additional years, for the reason that in the bill appellant has not alleged any election to extend the lease beyond the one year, with notice thereof to appellees. Such payment, to have any force or value in that respect, would, of necessity, have to relate to the whole leasehold period, as claimed by appellant, including the added years, as distinguished from the rental for the time during which appellant had already occupied the premises as a tenant; that is, the payments would have to relate to the contract in the form in which appellant is now seeking to enforce it. Shovers v. Warrick, 152 Ill. 355.

The demurrer was properly sustained and the decree of the court below is affirmed.

*Affirmed.*