## WILLIAM T. LUTTERELL

### v.

## LOUISA CALDWELL ET AL.

*Instructions—Division Fence—Trespass.*

It is error to give an instruction which has no basis in the evidence.

Lutterell v. Caldwell.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellant.

Messrs. BROWN & KIRBY, for appellees.

*Per Curiam.* This suit grew out of a contention between the parties hereto as to the true location of the line dividing their farms, and consequently whether Lutterell was a trespasser in plowing up a hedge claimed by one to be on such line, and by Lutterell as being entirely on his land.

The court gave the following instruction:

"That if they believe, from the evidence, that the old fence, moved by the plaintiffs to make room for the setting of the hedge in question, was placed there by the defendant Lutterell as a temporary fence, to remain only until Mr. or Mrs. Caldwell should set a hedge upon the line between their lands, and that such fence was never recognized or admitted by the plaintiffs or those under whom they claim title to be the true line, then plaintiffs were not estopped thereby to place their hedge upon the true line between said lands, although the true line might differ from the line of the old fence."

We fail to find any evidence in the record upon which this instruction could be based. It was misleading, for it tended to make the jury suppose that the court was referring to the original fence as built by the ancestor of appellant, and there was no evidence to show that it was built for a temporary purpose.

This was an important question in the case, and we think this instruction tended to mislead the jury upon it, and therefor there should be a new trial.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*