**Nicholas Kramer, Executor of the Estate of Lena A. Habel, Deceased, Appellant, v. John F. Habel, Appellee.**

## Gen. No. 7,536.

1. WITNESSES—*testimony of housekeeper of husband and his deceased wife as rendering competent testimony by him in action by wife's executor against him.* The fact that one who served a husband and wife as housekeeper testified in behalf of the plaintiff in an action by the wife's executor against the husband in respect of the

alleged delivery of certain personal property of the wife to the husband did not render the husband competent to testify as to such matters, such housekeeper not being the agent of the wife within the meaning of Cahill's St. ch. 51, ¶ 2, subd. 2.

2. GIFTS—*sufficiency of evidence to establish delivery.* Evidence in a proceeding to disclose assets of the estate of a decedent held insufficient to show that there was ever a delivery to the defendant husband of certain articles of jewelry belonging to his wife so as to constitute an effective gift thereof.

3. GIFTS—*burden of proof as to intent to give and delivery.* The burden was upon a husband, claiming personal property which had belonged to his wife prior to her death by virtue of a gift thereof to him, to prove that there was an intention on her part to transfer the title and right of possession of the property to him and a delivery of the subject matter of the gift by which she parted with all control over it.

Appeal by plaintiff from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed March 19, 1926.

ALBERT L. HALL and MINARD E. HULSE, for appellant.

GEORGE W. FIELD, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This proceeding was originally commenced by a citation in the probate court of Lake county, issued against John F. Habel, the husband of Lena A. Habel, deceased, to disclose certain assets of the estate of said deceased which were claimed by the said John F. Habel.

Lena A. Habel died July 19, 1921, and during her lifetime she was the owner and possessor of certain jewelry, namely, a diamond butterfly pin of the value of $1,000, one pair of diamond earrings of the value of $3,000, one diamond solitaire ring of the value of $750, one cluster diamond ring of the value of $300 and one cluster ruby ring of the value of $15.

On the hearing in the probate court it was found

that John F. Habel had in his possession the jewelry in question and it was ordered that he return the property to the executor from which order of the probate court John F. Habel appealed to the circuit court of said county. It appears that thereafter Nicholas Kramer, the executor of the last will and testament of Lena A. Habel, deceased, filed in the circuit court a suit in trover against John F. Habel, alleging the conversion by John F. Habel of the jewelry heretofore mentioned. On the trial in the circuit court the two cases were consolidated and the cause was submitted to the court without the intervention of a jury with the result that a finding was entered that the jewelry in question was the property of John F. Habel and a judgment was rendered against plaintiff for costs, from which judgment order the executor prosecutes this appeal.

It is the contention of the appellee that this property was given to him by his wife. On the other hand the appellant insists that the testimony fails to show that there was a gift and delivery of the property in question. It appears that Lena A. Habel had owned this particular jewelry prior to the time of her marriage to John F. Habel and that it had been placed as collateral with John Sherwin, as security for a loan. The jewelry was returned to Mrs. Habel on June 15, 1921, and was then sent by her to Chicago for the purpose of having it cleaned, examined and appraised, and it was returned to her on July 8, 1921. The evidence tends to show that from that day until the time of her death, which occurred on July 19, 1921, the deceased had the jewelry with her every day, either in a bag which she carried with her about the house or by wearing some of it on her person, and this continued up until the day of her death.

The contention of appellee, if sustained at all, must be upon the testimony of the witness Sherwin, who testified that on or about June 15, 1921, Mrs. Habel

said she was going to give the jewels to appellee because he had paid the interest and principal of the loan for which they were held as collateral, together with the testimony of Henry Schwery and William A. Dean, who it appears was the attorney of record for appellee until shortly before the trial of the case, both of whom testified that a few days before the death of Mrs. Habel she had stated to them that she had given the jewelry to appellee and that she wanted him to have it before she died and that she would not have been able to pay the interest or redeem the jewelry except for the defendant.

To give full weight and credit to the statements that the respective witnesses claim the deceased made relative to the giving of the jewelry to her husband, can it be said that the declarations are sufficient to constitute as a matter of fact a gift? In our opinion there is something more required than what is disclosed by the testimony of these witnesses in order to establish a gift; there must be a delivery of the articles that the donor has in mind. We do not think, after giving all the weight and credit possible to the testimony of these three witnesses relied upon by appellee, that they are sufficient to establish the fact that there was a delivery. The only evidence in this record that tends to prove a delivery is the testimony of John F. Habel, the appellee. Appellee was permitted to testify over the objection of appellant. It is contended by appellant that he was an incompetent witness. Appellee insisted that he was a competent witness and that he became a competent witness because of the fact that a Mrs. Grass, who testified on the part of appellant, was the agent of the deceased.

It appears that Mrs. Ida Grass was the housekeeper for Mr. and Mrs. Habel and for some two or three months prior to the death of Mrs. Habel she had been at their home daily. She testified during the progress of the trial relative to the jewelry how it was used

and handled by the deceased and where it was kept when it was not being worn or cared for by the deceased. Mrs. Grass also testified that on the night of the death of Mrs. Habel inquiry was made by Mrs. Pauling, a sister of the deceased, as to where the diamonds were. Mrs. Hoecker, who according to the testimony lived in the flat above the Habels, got the bag containing the jewelry and turned it over to Mrs. Pauling who delivered it to Mr. Habel. We are unable to say from anything disclosed by the record that Mrs. Grass was the agent of Mrs. Habel. She was simply the housekeeper and because of the fact she was a witness and testified on the part of appellant does not establish that she was the agent of Mrs. Habel, and for that reason appellee could be called as a witness.

There is no evidence in this record that establishes the fact of a delivery unless it can be gathered from the testimony of appellee himself. He clearly was an incompetent witness and being an incompetent witness his testimony cannot be considered in determining the question as to whether or not there was a gift and delivery of the jewelry in question. Considering all the facts to be true as testified by the witnesses who are competent to testify on the part of appellee relative to this gift still it falls far short of establishing the fact of a delivery.

The law requires a gift whether direct or in trust shall be established by clear proof and that no uncertainty shall exist either as to the subject or object of the gift. *Barnum v. Reed,* 136 Ill. 388-398.

*Donatio mortis causa* must be a completed and executed gift the same as in the case of a gift *inter vivos.* If the gift does not take effect as an executed and completed transfer to the donee, either legal or equitable, during the life of the donor, it is a testamentary disposition, good only when made by a valid will. *Barnum v. Reed, supra; Comer v. Comer,* 120 Ill. 420; *Cline v. Jones,* 111 Ill. 563.

Kramer v. Habel, 240 Ill. App. 40.

To constitute a valid gift *inter vivos,* possession and title must pass to and vest in the donee, irrevocably. In this respect, alone, a gift *causa mortis* differs from a gift *inter vivos,* as in the case of the former it is revocable on the recovery of the donor. *Barnum v. Reed, supra.*

A gift *causa mortis* may be defined as a gift of personal estate, made in prospect of death at no remote period, and which is dependent upon death occurring substantially as expected by the donor, and that the same be not revoked before death. It must be accompanied by delivery. *Lutterell v. Caldwell,* 31 Ill. App. 30; Redfield on Wills, part 2, page 297.

The burden was upon appellee, who claimed the property as a gift from the deceased, of proving by evidence which was clear and not equivocal or uncertain, that there was such a gift. It was essential to prove that there was an intention on the part of the deceased to transfer the title and right of possession of the property to appellee and that there was a delivery of the subject matter of the gift by which she parted with all control over it. A verbal gift without a delivery transfers no title, and unless the donor divests herself of all dominion over the subject matter of the gift the title will not pass. *Millard v. Millard,* 221 Ill. 86-93.

We are therefore of the opinion appellee has failed to bring himself within the rule by establishing by clear and convincing proof a gift and a delivery of the property in question. For the reasons above stated the judgment of the circuit court of Lake county will be reversed and the cause remanded.

*Reversed and remanded.*